■ ROBERTA LULOV, Individually and as Mother and Natural Guardian of NICOLE LEDBURY, an Infant, et al., Appellants, v TAMBRANDS, INC., Respondent. [604 NYS2d 206] —In an action to recover damages for personal injuries on the basis, *inter alia,* of strict product liability, the plaintiffs appeal from an order of the Supreme Court, Nassau County (O'Brien, J.), entered July 30, 1991, which granted the defendant's motion for partial summary judgment dismissing that part of the complaint which alleges a failure to warn.

Ordered that the order is affirmed, with costs.

The Supreme Court properly found that the plaintiffs' claims for inadequate warning and labeling of tampon boxes are preempted by 21 USC § 360k and 21 CFR 808.1 (b), together with 21 CFR 801.430 *(see, Moore v Kimberly-Clark Corp.,* 867 F2d 243; *Lindquist v Tambrands, Inc.,* 721 F Supp 1058; *Poloney v Tambrands, Inc.,* 260 Ga 850, 412 SE2d 526).

Moreover, we agree that the external warning appearing on the back of the tampon package complies with the Federal regulations as a matter of law *(see,* 47 Fed Reg 26987 [1982]; *Sloman v Tambrands, Inc.,* 841 F Supp 699; *Beecher v Tambrands, Inc.,* 840 F Supp 86; *see generally, Brudnok v Tambrands, Inc.,* 1993 US Dist LEXIS 19185 [US Dist Ct, Ore, Mar. 24, 1993, Juba, M.]; *Causie v Tambrands, Inc.,* US Dist Ct, WD Tenn, June 11, 1991, McRae, J., 90-2236-4B; *Dallenbach v Tambrands, Inc.,* US Dist Ct, ND Iowa, Mar. 14, 1991, Hansen, J., No. C89-76; *Polizzi v International Playtex,* US Dist Ct, ND NY, Mar. 1, 1991, Cholakis, J., 89 CV 1196; *Lindquist v Tambrands, Inc., supra).* Thompson, J. P., Sullivan, Rosenblatt and Ritter, JJ., concur.